Christopher W. HASNEY, an
individual, Plaintiff—
Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation,
aka Met Disability, aka Metlife, De-
fendant—Appellee.

No. 00–17519.

D.C. No. CV–99–00548–ACM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided July 17, 2002.

Before SCHROEDER, Chief Judge, B.
FLETCHER, and KOZINSKI, Circuit
Judges.

## MEMORANDUM *

Christopher Hasney filed this action in
federal court challenging Metropolitan
Life Insurance Company's denial of long-
term disability benefits under his employ-
er-sponsored insurance plan. The district
court granted summary judgment in Met
Life's favor, ruling that Met Life's denial
of benefits was subject to review for abuse
of discretion and that Met Life had not
abused its discretion in denying benefits.
The district court also granted Met Life's
request for a protective order striking sev-
eral of Hasney's interrogatories. Hasney
appeals all three rulings.

The Met Life policy under which Has-
ney was insured unambiguously reserved
to Met Life discretion to interpret the
policy, but because Met Life operated un-
der an apparent conflict of interest as both
plan administrator and plan funder, it is
not entitled to abuse of discretion review if
Hasney presented material, probative evi-
dence that Met Life's conflict caused it to
breach its fiduciary duties toward Hasney.
*McDaniel v. Chevron Corp.*, 203 F.3d 1099,
1108 (9th Cir.2000). Hasney has present-
ed material, probative evidence that Met
life violated its fiduciary duties and should
therefore have been subjected to *de novo*
review.

Met Life discounted the opinions of Has-
ney's treating physician, even though the
independent medical examiners upon
whom it relied did not have access to
Hasney's job responsibilities and could not
therefore opine on whether or not Hasney
was disabled from his own occupation (as
required by the plan). *Regula v. Delta
Family–Care Disability Survivorship
Plan*, 266 F.3d 1130, 1147 (9th Cir.2001).

As one of Hasney's experts noted, the
specific deficiencies Hasney exhibited in
Met Life's cognitive tests were particularly
relevant to his occupation as a stockbro-
ker–memory loss and mathematical diffi-
culties. The district court erred in holding
that Hasney had not presented material,
probative evidence that Met Life breached
its fiduciary duty, and therefore erred in
applying the abuse of discretion standard.

The district court's judgment is reversed
and the case remanded for further pro-
ceedings under a de novo standard of re-
view.

### REVERSED AND REMANDED.

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.